1
2
3
4             UNITED STATES DISTRICT COURT
5            NORTHERN DISTRICT OF CALIFORNIA
6
7  SUMADI HENDRIX,                    Case No. 16-cv-07008-EMC
8                Petitioner,
                                      **ORDER TO SHOW CAUSE**
9         v.
                                      Docket Nos. 2, 5
10 SHAWN HATTON,
11                Respondent.
12
13                  **I.    INTRODUCTION**
14        Sumadi Hendrix, an inmate at the Correctional Training Facility in Soledad, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.  His motion for discovery also is before Court for consideration.
15
16
17
18                  **II.    BACKGROUND**
19        The petition and attachments thereto provide the following information.  Mr. Hendrix was convicted in Santa Clara County Superior Court of assault with intent to commit rape.  On November 22, 2013, he was sentenced to 13 years in prison.
20
21
22        Mr. Hendrix appealed.  In 2015, the California Court of Appeal affirmed his conviction and the California Supreme Court denied his petition for review.  Mr. Hendrix filed an unsuccessful petition for writ of habeas corpus in the California Supreme Court in 2016.  He then filed this action.
23
24
25
26                  **III.    DISCUSSION**
27 A.    Review of Petition
28        This Court may entertain a petition for writ of habeas corpus "in behalf of a person in

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Mr. Hendrix alleges four claims in his petition for writ of habeas corpus: (1) his Fifth and Fourteenth Amendment rights were violated because the CALCRIM 890 jury instruction used at his trial "is void for vagueness," Docket No. 1 at 10; (2) his Fourteenth Amendment right to due process was violated because the evidence was insufficient to support his conviction; (3) his right to due process was violated when the trial court "disregard[ed] the hearsay rule using Evidence Code section 1240 without satisfying both part A and part B," *id.* at 12; and (4) trial counsel provided ineffective assistance of counsel in that (a) he "recommended even insisted that petitioner not take the stand because Margaret's inconsistencies were enough," and (b) he did not move to dismiss or object to the use of the 9-1-1 tape. *Id.* at 13. Liberally construed, claims 1, 2, and 4 are cognizable and warrant a response.

Claim 3 is dismissed because it is a claim for a state law error, notwithstanding the due process label Mr. Hendrix has given it. Federal habeas relief is not available for state law errors. *See Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991). A petitioner cannot make a state law claim into a federal one simply by labeling it a "due process" violation. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (litigant cannot "transform a state-law issue into a federal one merely by asserting a violation of due process"). That is just what Mr. Hendrix has attempted to do. In Claim 3, Mr. Hendrix seeks relief because hearsay evidence was improperly admitted because the trial court failed to correctly apply California Evidence Code § 1240, which is the spontaneous statement exception to the hearsay rule in California. That claim is one for state law error and therefore cannot be the basis for federal habeas relief.

B.      Discovery Motion

Mr. Hendrix has filed a motion for discovery.  The motion has been recycled from another case and requests "policies or other written materials that may reveal the official duties or policies of defendant at a relevant time, written accounts of the incident at issue, and the names of any other knowledgeable or responsible persons.  (Docket No. 2 at 1.)

Unlike an ordinary civil litigant, a habeas petitioner must obtain court permission before he may conduct any discovery.  Discovery is only allowed to the extent that the district court, in the exercise of its discretion and for good cause shown, allows it.  *See* Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. ' 2254.  Good cause for discovery under Rule 6(a) is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . ."  *See Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (citation and internal quotation marks omitted); *Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir. 2005).  Mr. Hendrix has not shown good cause for the court to permit discovery in this habeas action.  The motion for discovery is **DENIED**.  (Docket No. 2.)

## IV.     CONCLUSION

For the foregoing reasons,

1.      Claim 3 is dismissed, and the other claims in the petition warrant a response.

2.      The Clerk shall serve a copy of this order, the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this order on Petitioner.

3.      Respondent must file and serve upon Petitioner, on or before **May 26, 2017**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the answer a copy of all portions of any court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4.      If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on Respondent on or before **June 23, 2017**.

5.      Petitioner is responsible for prosecuting this case.  Petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

6.      Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

7.      Petitioner's motion for discovery is **DENIED**.  (Docket No. 2.)

8.      Petitioner's *in forma pauperis* application is **GRANTED**.  (Docket No. 5.)

**IT IS SO ORDERED**.

Dated: March 7, 2017

_____
EDWARD M. CHEN
United States District Judge

United States District Court
For the Northern District of California

4